RE: MEMBERSHIP ON COUNTY ECONOMIC DEVELOPMENT TASK FORCE
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MAY 10, 1988 ASKING FOR AN INFORMAL REVIEW OF THE TERMS OF THE STATUTES GOVERNING COUNTY ECONOMIC DEVELOPMENT PROGRAMS. SPECIFICALLY, YOU ASK WHETHER MEMBERSHIP ON AN ADVISORY TASK FORCE ORGANIZED PURSUANT TO 19 O.S. 1103 (1981) CONSTITUTES THE HOLDING OF A PUBLIC OFFICE SO AS TO TRIGGER THE VARIOUS PROVISIONS OF STATE LAW DEALING WITH DUAL OFFICE HOLDING. THE ATTORNEY GENERAL HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF IN THIS INFORMAL LETTER.
UNDER THE TERMS OF 19 O.S. 1101 — 19 O.S. 1104 (1981), THE BOARDS OF COUNTY COMMISSIONERS IN THE STATE ARE AUTHORIZED TO ESTABLISH COUNTY-WIDE ECONOMIC DEVELOPMENT PROGRAMS, AND TO PROVIDE FOR THE FUNDING OF SAME THROUGH THE USE OF PUBLIC FUNDS IN THEIR HANDS. UNDER 19 O.S. 1102, ANY SUCH COUNTY ESTABLISHING SUCH A PROGRAM MAY UTILIZE THE FUNDS AUTHORIZED FOR SUCH PURPOSES TO CONDUCT STUDIES AND PREPARE COMPREHENSIVE PLANS FOR ITS FUTURE ECONOMIC GROWTH AND DEVELOPMENT, TO INVENTORY THE SERVICES, FACILITIES AND RESOURCES OF THE ENTIRE COUNTY, TO PROMOTE, STIMULATE AND ENCOURAGE THE GROWTH AND DEVELOPMENT OF THE AGRICULTURE, COMMERCE AND INDUSTRY OF THE COUNTY AS A WHOLE, TO FOSTER AND PROMOTE INDUSTRIAL CLIMATE AND PAYROLL AND TO OTHERWISE PROMOTE THE GENERAL ECONOMIC WELFARE AND PROSPERITY OF THE AREA. 19 O.S. 1103 GOES ON TO PROVIDE THAT AFTER THE PASSAGE OF A RESOLUTION AUTHORIZING SUCH ACTIVITIES, THE BOARD OF COUNTY COMMISSIONERS IN SUCH A COUNTY SHALL CREATE A COUNTY ECONOMIC DEVELOPMENT ADVISORY COMMITTEE, "WHICH SHALL BE REPRESENTATIVE OF THE VARIOUS PRIVATE AND PUBLIC INTERESTS AND POLITICAL SUBDIVISIONS WITHIN THE COUNTY." THIS SECTION FURTHER ADDS THAT THIS ADVISORY COMMITTEE SHALL MEET AS NECESSARY TO PREPARE FOR RECOMMENDATION TO THE BOARD OF COUNTY COMMISSIONERS AN ANNUAL BUDGET AND FOR FURTHER ADVICE AND RECOMMENDATION FOR CARRYING OUT THE PURPOSES OF THIS ACT."
MEMBERSHIP ON SUCH ADVISORY COMMITTEES IS NOT THE EQUIVALENT OF HOLDING A PUBLIC OFFICE IN THE STATE, FOR PURPOSES OF THE VARIOUS PROVISIONS OF STATE LAW THAT PROHIBIT OR RESTRICT DUAL OFFICE HOLDING, SUCH AS THAT CONTAINED IN 51 O.S. 6 (1981) (DUAL OFFICE HOLDING). FOR SUCH PURPOSES, IT HAS BEEN HELD THAT FOR A PARTICULAR POSITION TO CONSTITUTE AN "OFFICE," THREE FACTORS MUST BE PRESENT. THOSE FACTORS ARE:
 1. THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW;
 2. THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT;
 3. THE DUTIES MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER OF THE STATE, EITHER DIRECTLY, OR AS DELEGATED BY LAW TO A SUBORDINATE ENTITY.
 OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94,97 (OKLA. 1936).
 THE ADVISORY COMMITTEE REFERRED TO IN 19 O.S. 1103 IS CERTAINLY A POSITION AUTHORIZED BY LAW, AND HAS SOME DEFINITE DUTIES IMPOSED UPON IT BY LAW, BUT THOSE DUTIES DO NOT SMACK OF THE EXERCISE OF ANY OF THE SOVEREIGN POWER OF THE STATE. THE COMMITTEE IS NOTHING MORE THAN AN ADVISORY GROUP, WITH NO REAL POWER INVESTED IN IT WHATSOEVER. ANY RECOMMENDATIONS THAT MIGHT BE GENERATED FROM A COMMITTEE WOULD HAVE TO BE REVIEWED AND INDEPENDENTLY PASSED UPON BY THE BOARD OF COUNTY COMMISSIONERS IN ORDER TO BE PUT INTO EFFECT. ACCORDINGLY, PLEASE BE ADVISED THAT IT IS MY LEGAL OPINION THAT YOUR MEMBERSHIP ON SUCH A COMMITTEE WOULD NOT CONSTITUTE THE HOLDING OF A PUBLIC OFFICE, FOR DUAL OFFICE RESTRICTION PURPOSES. THERE IS, I SUPPOSE, ALWAYS THE POSSIBILITY THAT SUCH MEMBERSHIP MIGHT DEVOLVE INTO A SITUATION WHERE THE INDEPENDENCE OF AN INDIVIDUAL LEGISLATOR'S JUDGMENT MIGHT BE IMPAIRED AS PROHIBITED BY THE LEGISLATIVE CODE OF ETHICS, BUT THAT IS A FACTUAL QUESTION THAT CANNOT BE ANSWERED WITHOUT A DETAILED REVIEW OF AN ESTABLISHED SET OF CIRCUMSTANCES.
(MICHAEL SCOTT FERN)